[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
This action arises out of a car accident that occurred on November 6, 1997 on Laurel Grove Road in Middletown, Connecticut, which resulted in the deaths of Erin Melzmuf, Julian Crete, and Jason Varrato, and in injury to Matthew Varrato.[1] The complaint is in sixty-four counts. Counts nine, ten, nineteen, twenty, twenty-nine and thirty are against another defendant and are not the subject of the present motion. The counts that are the subject of the present motion allege public nuisance and negligence against the City of Middletown (The City), the director of public works, the tree warden and the superintendent of highways. Additionally, counts forty-one through sixty-four are claims for indemnification against the City for the acts of these three individual officials.
On April 5, 1999, the defendants, the City and the individual officials, filed a Motion to Dismiss (#101) all counts against them. In so doing, the defendants claim that this court lacks subject matter jurisdiction over the subject portion of the complaint because the plaintiffs' exclusive remedy is General Statutes § 13a-149, the Highway Defect Statute.
In opposition to the Motion to Dismiss, the plaintiffs argue that they do not seek relief under General Statutes § 13a-149
at all. The plaintiffs claim that Laurel Grove Road, at the site CT Page 1578 of the accident, is an unpaved road which is not within the contemplation of General Statutes § 13a-149. Instead, the plaintiffs argue, General Statutes § 52-557n(b)(4)[2]
provides for the waiver of municipal immunity and confers jurisdiction, under certain circumstances such as this, for accidents occurring on an unpaved road that provides access to a recreation area. Each of the subject counts allege that "[a]t all pertinent times Laurel Grove Road was and still is an unpaved road, the purpose of which is to provide access to a recreational or scenic area; to wit, Wadsworth Falls State Park and Long Hill Estates." Each subject count further alleges that [t]he defendant, City of Middletown, its agents, servants and employees, were on notice of said dangerous conditions with sufficient time and reasonable opportunity to make said road safe but failed to do so." By making these allegations, the plaintiffs claim that they are entitled to relief independent of General Statutes § 13a-149.
"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id., 309. "[W]hether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . ." Sanzone v.Board of Police Commissioners, 219 Conn. 179, 201, 592 A.2d 912
(1991).
Insofar as the Motion to Dismiss claims that the plaintiffs have not brought their action under the appropriate statute, the motion attacks the legal sufficiency of the pleadings. A motion to dismiss is not the proper vehicle for this claim.
In fact, the complaint is not brought pursuant to General Statutes § 13a-149, but pursuant to General Statutes §52-557n(b)(4). The plaintiffs have tracked the language of that statute in each of the subject counts and, in doing so, have alleged a legally sufficient cause of action. The facts as alleged set forth causes of action which, if proven, could result in a plaintiffs' verdict. CT Page 1579
Number 363244 (May 29, 1991, M. Hennessey, J.).
Accordingly, this court does not lack jurisdiction over the subject matter of this complaint. The Motion to Dismiss is denied.
It is so ordered.
BY THE COURT:
BISHOP, J.